■ In the Matter of TIMES MIRROR MAGAZINES, INC., Petitioner, v CAROLYN F. HOUGHTON et al., Respondents. [702 NYS2d 265] —Petition, pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, New York County [Paula Omansky, J.], entered January 29, 1999), to annul the determination of respondent State Division of Human Rights, dated September 11, 1998, finding that petitioner discriminated against the complainant-respondent in her employment based upon her age and awarding her $8,300 in net back pay damages, $12,500 in compensatory damages and $1,062 for expenses, granted, on the law, and the determination annulled, without costs.

Respondent Commissioner's determination that complainant was improperly terminated due to her age is not supported by "sufficient evidence on the record considered as a whole" (Executive Law § 298). To the contrary, the record tends to establish, as her employer asserts, that she was terminated for failure to meet her employer's reasonable expectations, and not due to age discrimination. Complainant, 54 years old at the time and a salesperson of advertising space for *Yachting* magazine, admittedly failed to meet her 1989 sales quota, lost and/or failed to regain key targeted accounts, and failed to comply with her supervisor's reasonable, standard recommendations for improving her sales performance. It should be noted that her predecessor, a man 13 years younger than she, was terminated due to his unsatisfactory performance, that she performed significantly worse than he did, and that despite having the lowest quota of any of the senior salespersons, she performed the worst among them by far. Furthermore, her admitted conduct, in informing a co-worker of negative comments that her supervisor made about him, created problems for the supervisor with the sales staff and tension between the supervisor and her. On the other hand, the record can hardly be said to establish that complainant was discriminated against, since she was hired at the age of 53 by the magazine's publisher, who personally recruited her and was not shown to have engaged in discriminatory acts against her, since the majority of her co-workers ranged in age from their mid-40s to their late 50s, since the top-performing salesperson at the time

of complainant's termination was a woman in her late 50s who was subsequently promoted by complainant's supervisor, and since two other salespersons fired for poor performance around the time of her tenure were both in their 40s. Given· such record evidence, complainant fails to meet her burden of presenting sufficient evidence to allow a· rational fact-finder to infer that age discrimination was the actual motivation for her termination (see, St. Mary's Honor Ctr. v Hicks, 509 US 502, 515; Grady v Affiliated Cent., 130 F3d 553, 559-560, cert denied 525 US 936). Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Buckley, JJ.